UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-184-RJC

| | |
|---|---|
| LEON BARDNEY, ) | |
| ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| DONALD WATKINS, Superintendent, ) | |
| Craggy Correctional Center, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Respondent's motion for summary judgment on the claims raised by Petitioner in the petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. For the reasons that follow, Respondent's motion for summary judgment will be granted.[1]

**I.     BACKGROUND**

In June 2009, Petitioner was indicted by the Henderson County grand jury for failure to register as a sex offender, in violation of N.C. Gen. Stat. § 14-208.11, and for having attained the status of an habitual felon, in violation of N.C. Gen. Stat. § 14-7.1. Petitioner was represented by counsel and his case was tried before a Henderson County jury in March 2010. Petitioner was convicted on both charges and sentenced to 116 to 149 months' active-imprisonment. The North Carolina Court of Appeals summarized the evidence presented during Petitioner's trial as follows:

---

[1] Petitioner was advised of his obligation to respond to the motion for summary judgment. See (Doc. No. 7: Order (citing Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975)).

1

In August 2003, Bardney was convicted of attempted second-degree rape in Buncombe County, North Carolina. Upon his release from prison in December 2007, Bardney was required to participate in the North Carolina sex offender registration program, which mandated that Bardney (1) register his current address with "the sheriff of the county where [he] resides" and (2) if he intended to change his address, "report in person and provide written notice of the new address not later than the tenth day[2] after the change to the sheriff of the county with whom [he] had last registered[.]" N.C. Gen. Stat. §§ 14-208.7(a), 14-208.9(a) (2007). Bardney initially registered in Buncombe County, but later moved to, and registered in, Henderson County. Bardney's registered address in Henderson County was 108 Linwood Lane, where Bardney lived with James Barnette ("Barnette") and Ann Gunter ("Gunter"), Barnette's girlfriend. Bardney lived with Barnette and Gunter between January 2008 and June 2008.

In mid-June 2008, Gunter moved out of Barnette's residence and informed Barnette that Bardney had assaulted her. After Barnette confronted Bardney about the alleged assault, Bardney left Barnette's residence and never returned.
On 1 July 2008, Detective Patricia Redden of the Henderson County sheriff's office was informed that Bardney no longer resided at his registered address in Henderson County and that Bardney's whereabouts were unknown. On 2 July 2008, a warrant was issued for Bardney's arrest, alleging that Bardney had "failed to notify [the] sheriff's department of [a] change of address within 10 days" in violation of N.C. Gen. Stat. § 14-208.11. On 28 April 2009, Bardney was arrested near Birmingham, Alabama and transported back to Henderson County.

Following the State's presentation of evidence, Bardney testified that after Barnette confronted Bardney about the alleged assault, Bardney feared that Barnette was "getting [a] gun" so he "broke and [] ran." Bardney testified that he drove his moped to Greenville, South Carolina, where he stayed for approximately one week "just trying to get out of the way to keep from getting shot." Bardney later spent a month in Atlanta, Georgia before being "transferred" by a friend to Birmingham, where Bardney was arrested.

---

[2] The opinion noted that G.S. 14-208.9(a) had been amended following Petitioner's conviction to require a sex offender to provide the required notice regarding a change of address to the sheriff's department no later than the third day after the change of address. N.C. Gen. Stat. § 14-208.9(a) (2009).

2

> At the close of all the evidence, the trial court instructed
> the jury on the charge of "failing to comply with the sex offender
> registration law" by failing to "provide written notice of his new
> address in person at the sheriff's office no later than 10 days
> after the change of address." On 24 March 2010, the jury found
> Bardney guilty of failing to register as a sex offender. The trial
> court then instructed the jury on the charge of "being a habitual
> felon." The jury returned a verdict finding Bardney guilty of the
> habitual felon charge. The trial court sentenced Bardney to a term
> of 116 to 149 months in the custody of the North Carolina
> Department of Correction. Bardney gave notice of appeal in open
> court.

On appeal, Petitioner raised two claims for relief. First, Petitioner argued that the trial court erred in permitting Petitioner's post-release supervisor to testify that Petitioner was a "resistant individual." Second, Petitioner cites trial court error in allowing the State to cross-examine Petitioner about the disposition of a second-degree rape charge.

The Court of Appeals rejected each of these arguments after first noting that Petitioner, as the appellant, faced the burden of demonstrating that he suffered prejudice as a result of the alleged errors. The court found that Petitioner had failed to show prejudice, and that the evidence of Petitioner's guilt was overwhelming. Petitioner's judgment was affirmed in all respects. State v. Bardney, 209 N.C. App. 754, 710 S.E.2d 708 (Table), 2011 WL 720992 (N.C. Ct. App. Mar. 1, 2011). Petitioner did not file a petition for discretionary review with the Supreme Court of North Carolina.

Petitioner next pursued relief by filing a Motion for Appropriate Relief ("MAR") in the Henderson County Superior Court on August 30, 2011. In the pro se MAR, Petitioner presented five (5) issues for the state court's review. First, Petitioner contended that he was entitled to an evidentiary hearing to "determine issues of law or fact underlying the motion." (Doc. No. 5-6 at 15). Second, Petitioner argues that he was entitled to a new trial because a fundamental

3

miscarriage of justice occurred. Third, Petitioner challenged his sentence based on what he argued was a sentence that was unauthorized for the offense for which he was convicted. (Id. at 15-16). Fourth, Petitioner asserts that he was wrongfully prosecuted based on his homelessness during the time that he failed to register. Finally, Petitioner reasserts the previous claim and asks that his case be referred to the North Carolina Innocence Inquiry Commission. (Id. at 15). On September 30, 2011, the Superior Court denied Petitioner's MAR in its entirety. (Doc. No. 5-6: Order at 23). The court specifically noted that all of the claims raised in the MAR could have been raised in the direct appeal of his criminal judgment; that there was no good cause not to have raised the claims; and that, nevertheless, the claims were meritless. (Id.). On April 19, 2012, Petitioner filed a petition for a writ of certiorari that was denied by the North Carolina Court of Appeals on May 2, 2012. (Doc. No. 1-1 at 2). The present federal habeas petition followed and the claims will be discussed herein.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

## III.    DISCUSSION

In the petition, the Petitioner raises three claims for relief. First, Petitioner contends the introduction of assault allegations during his trial violated his right to due process because the State apparently failed to provide the defense with proper notice of its intention to introduce such evidence. The Respondent contends that this claim should be dismissed for a number of reasons including that it is a conclusory allegation for which Petitioner provides no supporting argument. (Doc. No. 5 at 3) (citing Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)). In his response to the motion for summary judgment, Petitioner "admits to the AG facts that [he] failed to submit any support to the claims in his Petition. And to do so now would jeopardize his case." (Doc. No. 8 at 1).

The Court agrees that this claim should be dismissed as conclusory. As noted from the Court of Appeals opinion, the Henderson County sheriff's office was informed that Petitioner had moved from his registered address, which he had shared with James Barnette and Barnette's girlfriend, Ann Gunter, and that Petitioner's whereabouts were unknown. During his trial, Barnette testified that the reason the Petitioner moved out of the home was because Gunter had accused him of assaulting her. Gunter did not testify at trial.

Following the State's presentation of evidence, Petitioner offered testimony regarding the alleged assault of Gunter in his case-in-chief in an effort to explain why he had failed to update his address: Petitioner argued that he was scared of retaliation from Barnette for the alleged assault so he hid for several weeks and admittedly failed to update the sheriff's office with a new address.  It is clear Petitioner relied on information about the assault in his testimony in an effort to present a complete defense to the charge of failure to register. Petitioner contends that because

5

he feared reprisal from Barnette, his failure to register was not willful. Thus, Petitioner introduced the very evidence that he now contends violated his right to due process during his trial. Further, as the Court of Appeals observed, the question the jury must have resolved in judging his guilt was not whether his move from Barnette's house was willful, rather the question was whether Petitioner willfully failed to register with the appropriate sheriff's office in a timely manner. The evidence to support his failure to timely register is overwhelming and not reasonably in dispute. This argument will be denied.

In his second claim, Petitioner contends that his rights under the Confrontation Clause were violated because the state court permitted the introduction of testimonial evidence from a declarant (Gunter) whom the State failed to show was unavailable for in-court testimony, and Petitioner did not have an opportunity to cross-examine this witness prior to trial. The Court would note again that Petitioner, in his response to the motion for summary judgment, admits that he provides no support for this argument and it is therefore conclusory. Further, this argument presents essentially the same contention as was previously denied herein. The truth of Gunter's alleged statements regarding an assault are irrelevant to whether Petitioner willfully failed to register as a sex offender upon moving from the Barnette residence, and Petitioner even relied upon statements from Gunter as the crux of his defense. Accordingly, the State's presentation of such evidence cannot be said to have prejudiced the Petitioner's right to a fair trial. Finally, the statements regarding assault were not offered for the truth of the matter asserted because they were only introduced to explain Petitioner's absence, not his failure to register or that he had in fact assaulted Gunter. See Crawford v. Washington, 541 U.S. 36, 59 n.9 (2004) (Noting the Confrontation clause "does not bar the use of testimonial statements for purposes

6

other than establishing the truth of the matter asserted.") (internal citation omitted). The Court finds that this argument is without merit and it will be denied.

In his third and final claim, Petitioner argues that his sentence constitutes cruel and unusual punishment. (Doc. No. 1 at 5-8). The Respondent argues that this claim for relief is procedurally defaulted, and in any event, the claim is meritless. The jury found Petitioner guilty for failing to register, as was his obligation under North Carolina, and the jury found that Petitioner had attained the status of a habitual felon. The trial court sentenced Petitioner to a term within the statutory limits of 116 to 149 months' in the custody of the State of North Carolina. Petitioner again offers no argument in support of this assertion.

This claim is procedurally defaulted, as found by the MAR court, because Petitioner could have raised this claim on direct appeal. This represents the state court's application of the procedural bar as codified in N.C. Gen. Stat. §§ 15A-1419(a)(1), (a)(3) & (B). See, e.g., Rose v. Lee, 252 F.3d 676 (4th Cir.) (noting that North Carolina's post-conviction, procedural bar statute is mandatory), cert. denied, 534 U.S. 941 (2001). And the Court finds that Petitioner, by his own sworn admission, provides no cause to excuse the procedural default or that a miscarriage of justice will result with application of the procedural bar. See McNeill v. Polk, 476 F.3d 206, 211 (4th Cir. 2007) ("Where a procedural rule is both adequate and independent, it will bar consideration of the merits of claims on habeas review unless the petitioner demonstrates cause for the procedural default and prejudice resulting in a fundamental miscarriage of justice.") (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)).

Petitioner's third claim may be denied because it is also without merit. As the Respondent observes, the Supreme Court of the United States has expressly, and repeatedly,

7

approved of statutes providing for recidivism enhancements such as the habitual felon statute at issue. See, e.g., Spencer v. Texas, 385 U.S. 554, 559 (1967) (rejecting challenges to a recidivist penalty on constitutional grounds of double jeopardy, ex post facto, and cruel and unusual punishment); Rummel v. Estelle, 445 U.S. 263 (1980) (application of a mandatory life sentence of imprisonment did not run afoul of the prohibition of cruel and unusual punishment).

For the reasons stated, the Court will deny Petitioner's claims for relief.

## IV. CONCLUSION

1. Respondent's motion for summary judgment is **GRANTED**. (Doc. No. 4).

2. The petition for habeas corpus is **DENIED** and **DISMISSED**. (Doc. No. 1)

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: September 3, 2013

Robert J. Conrad, Jr.
United States District Judge